**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: <br><br> CONDADO 5, LLC <br><br> Appellant <br><br> vs. <br><br> VAQUERÍA LAS MARTAS, INC. <br><br> Appellee <br><br> JOSE R. CARRION <br><br> Chapter 12 Trustee | CASE NO. 20-cv-01344 (ADC) <br><br><br> APPEAL FROM THE U.S. BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO |

## MOTION TO STAY APPELLATE PROCEEDINGS

TO THE HONORABLE COURT:

COMES NOW, appellant Condado 5, LLC ("Condado" or "Appellant"), through the undersigned counsel, and respectfully states and prays as follows:

1. Condado and the Chapter 12 Standing Trustee filed an appeal and cross-appeal, respectively, from the *Opinion and Order* and the *Order Denying Motion for Reconsideration* issued by the Bankruptcy Court. See *Notice of Appeal*, Docket No. 1-1; *Notice of Cross Appeal*, Docket No. 4-1.

2. On June 1, 2020, the Debtor filed a *Chapter 12 Payment Plan* (the "*Plan*", Bankr. Case No. 18-07304, Docket No. 137, attached here to as **Exhibit I**) with the Bankruptcy Court, proposing the following treatment for Condado's claim:

> III Condado 5 to be paid value of its secured claim #6 [$205,000 residence Paseo Esmeralda, Arecibo + $109,118 27.28 cuerdas Bo. Naranjio, Hatillo] @ $313,118 w/ 4.5% over principal x 15 yrs amortized claim @ $2,395.33 monthly for 15 years to be paid directly to Condado 5, or its assignees, by Suiza Dairy, commencing within 30 days from confirmation of Plan
> …
> VII The step up payments to the Plan are needed to allow debtor at least 6 months from the date of confirmation of the Plan and cessation of collection by Condado 5 of Debtor's milk profits from Suiza Dairy to increase current low milk production by

retaining maximum revenue for operation of dairy farm for maximized payout to both the bankruptcy estate & to secured creditor, Condado.

VIII Condado 5 shall forthwith cease collection of what has been 100% of Debtor's profits from milk sales to Suiza Dairy during more than two years to avoid further damage to Debtor's organization effort. With the funds which Condado 5 shall cease to collect forthwith, Debtor will fund its Plan and inject much needed capital into the operation and growth of its dairy farm for a successful reorganization effort.

IX Condado 5 to immediately reimburse Debtor for the preferential payments made by Suiza Dairy to Condado 5 from September 15, 2018 through at least May 31st, 2020, [or until the monthly collection ceases] from the sale of Debtor's milk to Suiza Dairy Corporation.

X The projections that support this Plan have factored in the anticipated reimbursement of preferential payments collected by Condado 5 on milk sales not subject to its lien from Suiza Dairy in the approximate amount of at least $77,925 during the pendency of this case since December 2018 until May 2020 and those collected 90 days before the bankruptcy petition when Condado 5's UCC had already lapsed. The reimbursement of these amounts are vital to the purchase of cows and the operation of the dairy farm in order to boost production which has suffered from severe stagnation as a result of payment to Condado 5 of 100% of its profits from the sale of milk for over two years, and no compensation to Debtor for its work effort

Id., p. 2, §§ III-X (emphasis added).

3. On September 11, 2020, Condado filed its *Appellant Brief* (Docket No. 11).

4. On October 9, 2020, the Cross Appellant/Appellee Chapter 12 Trustee filed his Cross Appellant *Brief* (Docket No. 16).

5. After requesting various extensions of time (Docket Nos. 19, 22 and 25), on January 12, 2021, the Debtor/Appellee filed its *Appellee Brief* (Docket No. 24).

6. On January 26, 2021, the Bankruptcy Court held a confirmation to consider the Debtor/Appellee's proposed *Plan*. The Bankruptcy Court denied confirmation of proposed *Plan* for lack of feasibility and for failure to provide for Condado's secured Proof of Claim No. 6. See *Minutes of Hearing Held on January 26, 2021*, Bankr. Case No. 18-07304, Docket No. 211, attached hereto as **Exhibit II**.

7. On February 8, 2021, Condado filed *a Motion to Dismiss Case Under 11 U.S.C. 1208(c)* (the "*Motion to Dismiss*", Bankr. Case No. 18-07304, Docket No. 213, attached hereto as **Exhibit III**) premised on undue delay, failure to file a confirmable plan, continuing loss or

diminution of the estate, and unreasonable likelihood of reorganization.

8. Should the Bankruptcy Court grant Condado's *Motion to Dismiss* (**Exhibit III**), the controversies before this Honorable Court would be effectively eliminated, and the instant appeal would become moot. See Am. Civil Liberties Union of Massachusetts v. U.S. Conference of Catholic Bishops, 705 F.3d 44, at 53 (1st Cir. 2013).

9. Mootness is a constitutional guardrail against unnecessary litigation when other methods are available to reach a resolution. See id.

### Prayer for Relief

WHEREFORE, for the sake of judicial economy, Condado respectfully prays this Honorable Court stay the instant appeal proceedings for 90 days or until the Bankruptcy Court issues a final decision regarding Condado's *Motion to Dismiss* (**Exhibit III**) along with any other further relief that is fair and equitable.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 12th day of February, 2021.

### Certificate of Service

We hereby certify on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case. Motions and orders processed through CM/ECF are "presumed to be served on the same date of the electronic filing". P.R. Elec. Power Auth. v. Vitol, Inc., 298 F.R.D. 23, 26 (D.P.R. 2014).

**Ferraiuoli** LLC
Attorneys for Condado
PO Box 195168
San Juan, PR 00919-5168
Tel.: (787) 766-7000
Fax: (787) 766-7001

*/s/ Gustavo A. Chico-Barris*
GUSTAVO A. CHICO-BARRIS
USDC-PR No. 224205
gchico@ferraiuoli.com