## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CONDADO 5, LLC<br><br>    Appellant<br><br>        vs.<br><br>VAQUERÍA LAS MARTAS, INC.<br>    Appellee<br><br>JOSE R. CARRION<br>    Cross-appellant<br>    Chapter 12 Trustee | CASE NO. 20-cv-01344 (ADC)<br><br><br>APPEAL FROM THE U.S. BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO |

### MOTION IN COMPLIANCE WITH ORDER
(Related document: ECF No. 38)

TO THE HONORABLE COURT:

COMES NOW appellant Condado 5, LLC ("Condado" or "Appellant"), through the undersigned counsel, and respectfully states and prays as follows:

1. On March 25, 2021, this Court issued the following *Order* (ECF No. 35):

[] Considering the fact that on February 8, 2021, Appellant filed a motion to dismiss the underlying bankruptcy case under 11 U.S.C. 1208(c), which could render moot any ruling on the Appeal pending before this Court, Appellant's motion at ECF No. 29 to stay proceedings for 90 days pending Bankruptcy Court's ruling upon Appellant's motion to dismiss is GRANTED. **Appellant shall report on the status of the motion to dismiss filed at the Bankruptcy Court at the expiration of the term of 90 days or within 24 hours of the issuance of an order ruling upon the motion to dismiss by the Bankruptcy Court**.
…

*Order*, ECF No. 35 (boldface added).

2. On April 22, 2021, Condado filed a *Motion in Compliance* (ECF No. 37) informing that the Bankruptcy Court had dismissed the underlying bankruptcy case.

3. On October 27, 2021, this Honorable Court issued the following *Order* (ECF No. 38):

The informative motion regarding voluntary dismissal of cross-appeal filed by the

Chapter 13 Trustee at ECF No. 36 is NOTED and GRANTED. Appellant's motion at ECF No. 37 informing that "the Bankruptcy Court issued an *Opinion and Order* dismissing the Lead Bankruptcy Case from which the order appealed in the instant case was taken" is NOTED. The parties are granted 5 days from the issuance of this order to show cause why the appeal should not be dismissed in light of the fact that the lead Bankruptcy case was dismissed.

4. In compliance, Condado submits that this appeal should dismissed as moot upon the dismissal of the underlying bankruptcy case.

5. "A bankruptcy appeal is moot where jurisdictional and equitable considerations render it impracticable for the appellate court to provide an effective remedy." Ibrahim v. Bankowski (In re Ibrahim), 2019 Bankr. LEXIS 2766, 2019 W L 4127600, at *7 (1st Cir. B.A.P. 2019). See also In re Public Service Co. of New Hampshire, 963 F.2d 469, 472 (1st Cir. 1992) ("Mootness in bankruptcy appellate proceedings, as elsewhere, is premised on jurisdictional and equitable considerations stemming from the impracticability of fashioning fair and effective judicial relief.")

6. "The jurisdictional component relates to the constitutional restriction prohibiting the judiciary from deciding cases in which no effective remedy can be provided." In re Sasso, 409 B.R. 251, 254 (1st Cir. B.A.P. 2009). See also Church of Scientology of Calif. v. U.S., 506 U.S. 9, 12 (1992) ("if an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed.").

7. "The equitable component relates to equitable and pragmatic limitations on appellate jurisdiction over bankruptcy appeals." In re Sasso, 409 B.R. 251, 254 (B.A.P. 1st Cir. 2009). See also In re Public Service Co. of New Hampshire, 963 F.2d at 472 ("The equitable component to the mootness doctrine is rooted in the 'court's discretion in matters of remedy and judicial administration' not to determine a case on its merits. In bankruptcy proceedings, the equitable component centers on the important public policy favoring orderly reorganization and settlement of debtor estates by 'affording finality to the judgments of the bankruptcy court'").

8. Moreover, "the equitable and jurisdictional considerations underlying the mootness doctrine are interactive, as 'the finality rule limits the remedies a court can offer.'" Id., citing In re Stadium Management Corp., 895 F.2d 845, 846 (1st Cir. 1990), quoting In re Stadium Management Corp., 895 F.2d 845, 846 (1st Cir. 1990). See also In re Melo, 496 B.R. 253, 256 (1st Cir. B.A.P. 2013) ("The dismissal of a bankruptcy case 'normally results in dismissal of related proceedings because federal jurisdiction is premised upon the nexus between the underlying bankruptcy case and the related proceedings'").

9. Here, the underlying lead bankruptcy case from where this appeal originates has been dismissed during the pendency of this appeal. Accordingly, there is no case or controversy to support jurisdiction. See Ibrahim, 2019 WL 4127600, at *7 ("Because the underlying bankruptcy case has been dismissed … we could not afford the Debtor any effective relief. Even if we were to reverse the *Order Denying Motion to Amend Plan*, the Debtor could not file an amended plan in a dismissed case."), citing United Sur. & Indem. Co. v. P.R. Elec. Power Auth. (In re Industrias Vassallo, Inc.), 2016 Bankr. LEXIS 2944, at *28 (B.A.P. 1st Cir. 2016) (ruling that affirmance of judgment dismissing case rendered issues raised on appeal moot as there was no "case or controversy to support jurisdiction").

10. For the foregoing reason, this appeal has become moot and should be dismissed. See also In re Public Service Co. of New Hampshire, 963 F.2d at 473 ("A 'case is moot if the requested relief would be either inequitable or impracticable in light of the change in circumstances'").

WHEREFORE, Condado respectfully moves the Court take notice of the foregoing, deem the *Order* (ECF No. 35) complied.

RESPECTFULLY REQUESTED.

In San Juan, Puerto Rico, on this 28th day of October, 2021.

Certificate of Service
We hereby certify on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case.

-4-

Motions and orders processed through CM/ECF are "presumed to be served on the same date of the electronic filing". <u>P.R. Elec. Power Auth. v. Vitol, Inc.</u>, 298 F.R.D. 23, 26 (D.P.R.2014).

**Ferraiuoli** LLC
Attorneys for Condado
PO Box 195168
San Juan, PR 00919-5168
Tel.: (787) 766-7000
Fax: (787) 766-7001

*/s/ Gustavo A. Chico-Barris*
GUSTAVO A. CHICO-BARRIS
USDC-PR No. 224205
gchico@ferraiuoli.com

*/s/ Camille N. Somoza*
CAMILLE N. SOMOZA
USDC-PR No. 302908
csomoza@ferraiuoli.com

/s/ Frances C. Brunet-Uriarte
FRANCES C. BRUNET-URIARTE
USDC-PR No. 307006
fbrunet@ferraiuoli.com